UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLYMPIC OPHTHALMICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GERTNER, an individual,<br><br>Defendant. | Case No. C24-2074-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Olympic Ophthalmics, Inc. ("Olympic")'s Motion for Temporary Restraining Order ("TRO"), Dkt #9. Plaintiff is a Washington State company that sells "iTear100," a "neurostimulation device that increases tear production through gentle stimulation of the external nasal nerve." *Id*. at 3. In April of this year, Olympic's Board of Directors terminated its CEO, Defendant Michael Gertner. Olympic alleges Mr. Gertner has continued to present himself as the CEO of the company and is selling the company's products on various websites without permission. Plaintiff requests an order "that Defendant take down the infringing websites, discontinue his use of the Olympic Marks, cease further sales of Olympic's products, and return custody of those products to Olympic." *Id*. at 4. Further factual details are unnecessary as this Motion can be decided on procedural grounds.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

This case was opened on December 16, 2024. Dkt. #1. On December 20, 2024, Olympic filed a document captioned "Acceptance of Service." Dkt. #8. This filing, typed up and submitted by Plaintiff's counsel, ends with the purported electronic signature of Defendant's counsel Matthew Bean. However, Mr. Bean has not appeared in this case.

The Court issued a Minute Order on December 23, 2024, directing Olympic to notify defense counsel of his obligation to make an appearance under the Court's Local Rules, and requesting that defense counsel make an appearance. Dkt. #12. Nothing has happened. Defendant Gertner has not appeared through counsel or otherwise.

The Minute Order also dealt with this TRO, filed by Olympic at 4:48pm on Friday, December 20, 2024. Dkt. #9. Because Defendant has not appeared, the mere filing of this document did not satisfy the notice requirement for TRO Motions. The Motion does indicate that Mr. Bean received a copy via email, but he has not assisted his client with filing a notice of intent to respond or a response.

The Court's Minute Order directed Olympic to "immediately provide proof of service" or to meet and confer with defense counsel so that Mr. Bean could appear and indicate that his client has been served with this TRO. Dkt. #12. The Court extended the deadline for Defendant's response brief to noon on Monday, December 30, 2024. *Id*.

Plaintiff's counsel has now filed a declaration explaining the circumstances of contacting defense counsel and obtaining his electronic signature on the "Acceptance of Service" document. Dkt. #13. Plaintiff's counsel says he sent Mr. Bean a copy of the Minute Order above. In response, Mr. Bean wrote, "I don't yet have authority to accept service of the motion and I have not been retained for this case. I will let you know when I know more myself." *Id*. at 3. Plaintiff does not know the physical address of Defendant but has sent

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

copies of everything to two email addresses associated with Defendant. *Id*. Plaintiff believes it has complied with the notice requirements of LCR 65(b). *Id*.

Nothing has been filed by either party since December 23. The Court's deadline for Defendant to respond to the TRO has come and gone.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id.*

Typically, for a TRO the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

The irreparable harm requirement for a TRO may be presumed in cases involving trademark violations such as this one. *See* 15 U.S.C. §1116(a). However, this statute does not

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

address Rule 65(b)(1)'s requirement of showing "immediate and irreparable injury… before the adverse party can be heard in opposition."

The Court does not understand how Mr. Bean can accept service of process on behalf of Mr. Gertner but not be retained for this case. It is highly unusual that Mr. Bean has not made an appearance under these circumstances. It is possible that Defendant accepted service of process through his current/former attorney, Mr. Bean, but has not waived service or accepted service of the instant TRO Motion. It is possible that Defendant is currently without counsel.

The confusion over these points, largely caused by Defendant, nonetheless proves fatal to Plaintiff's Motion given the stringent requirements of Federal Rule of Civil Procedure 65(b) and LCR 65(b).

Under these rules, Olympic has not served the TRO Motion and has failed to demonstrate that emailing Mr. Bean a copy has provided adequate notice. Accordingly, the requirements of Rule 65(b)(1) for issuing a TRO without notice apply.

This Motion, as drafted, was not intended to satisfy those requirements. It lacks specific facts showing that immediate and irreparable injury will result to the movant before the adverse party can be heard in opposition. Instead, Olympic speaks generally about its loss of control over its trademarks, reputation, and goodwill. Olympic states, without evidence, that "Patients who are dissatisfied with products sold by Defendant, the manner in which Defendant fulfilled orders, or the customer service provided in connection with the products will attribute their negative experiences to Olympic." Dkt. #9 at 20. There is no specific evidence of customer or patient confusion. Defendant is accused of selling genuine iTear100 products, not knockoffs. It is unclear from the Motion how customers will receive genuine iTear100 products and Plaintiff's reputation will be injured.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 4

The Court is in the dark as to how many sales Defendant will make in the near future, if any, before he has a reasonable opportunity to be heard. Although it is unclear how long it will take for Plaintiff to serve Defendant, or for Defendant to obtain new counsel, the filing of the instant Motion right before the December holiday season has placed Defendant and his counsel at a scheduling disadvantage.

Given all of the above, the Court finds that this Motion is properly denied for seeking issuance without notice without satisfying the requirements of Rule 65(b)(1).

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #9, is DENIED without prejudice. Plaintiff is free to re-file this Motion after serving Defendant or to re-file with facts satisfying the requirements of Rule 65(b)(1).

DATED this 30th day of December, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE